# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 5:18 CR 154 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DEONTE T. GRIFFIN, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | and ORDER |

This matter is before the Court on Defendant's Motion for the Appointment of Appellate Counsel and Defendant's Response to Doc. #40 with Supporting Affidavit of Facts. (ECF #41). Plaintiff timely filed the Government's Response. (ECF #42). For the reasons set forth below, Defendant's Motion is DENIED.

Defendant Deonte T. Griffin entered a guilty plea before this Court on August 29, 2018, and the Government read the plea agreement (ECF #24) in open Court. (ECF #23). The plea agreement that Mr. Griffin signed contains the following waiver:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's determination of Defendant's Criminal History Category. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct. (ECF #24, p.65).

This Court then sentenced Mr. Griffin on December 13, 2018 (ECF#35) and entered judgment on December 17, 2018 (ECF #36). About six months later, Mr. Griffin filed a "Motion for Case Status Update on the Appointment of Appeal Counsel and the Status of Appeal." (ECF #39). Because there was never an appeal, the Court denied Defendant's Motion and instructed Defendant to contact his own attorney. (ECF #40). Now, Defendant filed a "Motion to Appoint Appellate Counsel" and a Response to the Court's previous denial regarding status updates about an appeal. (ECF #41). Defendant attached a letter, allegedly mailed to defense counsel on the same day as sentencing, instructing counsel to file an appeal but lacking reasoning to appeal. (ECF #41).

There are two primary reasons to deny Defendant's Motion to Appoint Appellate Counsel: there is no appeal for which counsel may be appointed to and Defendant did not state a reason to appeal that is allowed by the waiver signed in the plea deal.

First, if a defendant wants to appeal a judgment against him, he has fourteen days after the entry of judgment to file a notice of appeal or request an extension of time upon a finding of excusable neglect or good cause. FED. R. APP. P. 4 (b). If a defendant does not appeal within the allowed time, then the conviction is finalized. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Here, Defendant could have filed a notice of appeal by December 31, 2018, but no notice of appeal was filed. Filing a notice of appeal is now time-barred.

Second, a defendant who signs a plea agreement that waives appellate rights is bound to their agreement waiving such appellate rights. *United States v. Calderon*, 388 F.3d 197, 198 (6th Cir. 2004). Here, Defendant did not identify an appellate issue that is outside the scope of appellate issues waived when signing the plea agreement.

The plea agreement allows Mr. Griffin to file a claim with respect to ineffective assistance of counsel. While Defendant alleges ineffective assistance of counsel in his Motion to Appoint Appellate Counsel, this Court refrains from characterizing the present motion as 28 U.S.C. § 2255 Motion to Vacate. As the Government's Response notes, Mr. Griffin may develop a claim under 28 U.S.C. § 2255 with respect to ineffective assistance of counsel, and "the appointment of appellate counsel is not necessary for this purpose." (ECF #42).

For the reasons set forth above, Defendant's Motion to Appoint Appellate Counsel (ECF #41) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 19, 2019