IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18 CR 154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DEONTE T. GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed by Defendant, Deonte T. Griffin, on June 16, 2020. (Docket #44.) The United States filed its Response Brief on August 19, 2020 (Docket #50) and Defendant filed a Reply Brief on September 11, 2020 (Docket #53).

**I. Factual and Procedural Background.**

As set forth by the United States, the Factual and Procedural Background of this case is as follows:

> On August 29, 2018, Defendant Deonte T. Griffin pleaded guilty to the
>
> following charges set forth in a superseding information:
>
> COUNT 1
> (Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a))
>
> The United States Attorney charges:

1. On or about August 30, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEONTE T. GRIFFIN did unlawfully obstruct, delay and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951 (b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), in that Defendant did unlawfully take and obtain property from the person and in the presence of an employee at the Dollar General located at 901 Copley Road, Akron, Ohio, that is, approximately $200 in United States currency, against the employee's will and by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

2. At all times material to this Indictment, the Dollar General located at 901 Copley Road, Akron, Ohio, was located in the Northern District of Ohio, Eastern Division, and was engaged in the retail sale of articles and commodities that had moved in interstate commerce, to include general household items.

All in violation of Title 18, Section 1951(a), United States Code.

COUNT 2

(Use of Firearm in Relation to Crime of Violence,
in violation of 18 U.S.C. § 924(c)(1)(A)(ii))

The United States Attorney further charges:

3. On or about August 30, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEONTE T. GRIFFIN did use and carry a firearm, during and in relation to a crime of violence, which may be prosecuted in a court of the United States, to wit: Interference with Commerce by Robbery, a violation of Title 18, Section 1951(a), United States Code, as charged in Count 1 of the superseding information, and further did brandish said firearm.

All in violation of Title 18, Sections 924(c)(1)(A)(ii), United States Code.

COUNT 3

(Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1))

The United States Attorney further charges:

4. On or about September 14, 2017, in the Northern District of Ohio, Eastern Division, Defendant DEONTE T. GRIFFIN, having been convicted of a crime punishable by a term of imprisonment exceeding one year, to wit: Aggravated Robbery, in Case No. 07 12 4158(C), in the Summit County Common Pleas Court, on or about February 21, 2008, did knowingly possess in and

affecting interstate commerce, a firearm, to wit: a Bauer Firearms, Model Bauer Automatic, .25 caliber pistol, serial number 195419, and ammunition, to wit: 5 rounds of CCI brand, .25 caliber ammunition.

All in violation of Title 18, Section 922(g)(1), United States Code.

(R. 22: Superseding Information, PageID 52-3).

On December 13, 2018, Defendant was sentenced to be imprisoned for a total term of 60 months as to Counts 1 (Hobbs Act Robbery) and 3 (Felon in Possession of a Firearm) to be served concurrent but to run consecutive to an 84 month term as to Count 2 (Use of Firearm in Relation to a Crime of Violence). (Docket #50 at pp. 1-2.)

Defendant did not file an appeal in this case. On June 16, 2020, Defendant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, setting forth the following grounds for relief:

> GROUND ONE: Defendant contends that in light of Johnson (or now Davis) his 924(c)(1) conviction can't be upheld under the definition of "crime of violence" because conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(A) fails to qualify a "crime of violence: and this sentence is in violation of his Due Process rights and was imposed in violation of the Constitution or laws of the United States or in excess of this Court's jurisdiction 28 U.S.C. § 2255(a).
>
> GROUND TWO: Defendant contends that in light of *Rehaif v. United States*, 139 S.Ct. 2191, 204 (2019) his 922(g)(1) conviction and 924(E)(1) sentences cannot be sustained and were imposed in violation of his Due Process rights and in violation of the Constitution or laws of the United States or in excess of this Court's jurisdiction.
>
> GROUND THREE: Defendant contends his trial counsel was ineffective during plea proceedings and pretrial proceedings in violation of his 6th Amendment right to a jury trial.

II.  **Discussion.**

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); see *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 1603-04, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under Section 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under Section 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A Section 2255 motion may be dismissed if it only makes conclusory statements

without substantiating allegations of specific facts and fails to state a claim cognizable under Section 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

Defendant did not filed an appeal in this case, nor is there evidence he requested Counsel do so on his behalf. For the reasons stated below, Defendant has failed to state a viable claim for relief under Section 2255.

**A.     Ground One.**

The Hobbs Act, 18 U.S.C. § 1951, makes it a crime to obstruct or interfere with interstate commerce by "robbery" or "extortion." 18 U.S.C. § 1951 states as follows:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by meass of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of taking or obtaining.

Defendant's Hobbs Act Robbery conviction is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), which reads as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the property of another;

Defendant's Section 924(c) violation was factually supported as it was related to a crime of violence – robbery with a gun charged in Count 1 of the Superseding Information – and was properly charged. Defendant agreed to those facts as set forth in his Plea Agreement. The decision in *United States v. Davis,* 139 S. Ct. 2319 (June 24, 2019), does not impact Defendant's Section 924(c) conviction, as the United States Supreme Court in *Davis* invalidated the "residual

clause" of 18 U.S.C. § 924(c)(3)(B), finding it was unconstitutionally vague, but not the "elements clause" of 18 U.S.C. § 924(c)(3)(A). Accordingly, Ground One of Defendant's Petition is without merit.

**B.    Ground Two.**

Defendant asserts that in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction under to 18 U.S.C. § 922(g)(1) and sentences under 18 U.S.C. § 924(E)(1) cannot be sustained. Under *Rehaif*, the Government has the burden to prove that a defendant knew of the facts that made his possession of a firearm or ammunition unlawful. Defendant has not raised a prior objection based on his alleged knowledge, or lack thereof, of his prior felony conviction. However, Defendant's claim may still be reviewed in this collateral proceeding if he can establish that the Constitutional error in his plea colloquy "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496. To establish actual innocence, petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev 142, 160 (1970)).

The Indictment in this case expressly charged that Defendant had "been previously convicted of a crime punishable by imprisonment for a term exceeding one year, namely: Aggravated Robbery, in Case Number 07 12 4158(C), in the Summit County Common Pleas Court, on or about February 21, 2008." Defendant raised no objection to the criminal history section in his Presentence Report, in which it was documented that Defendant had previously been convicted of 3 counts of aggravated robbery for which he had served a prison sentence of 9

years. Defendant pled guilty to the Indictment and signed the Plea Agreement which was read aloud in open Court. Defendant did not file an appeal and has asserted no evidence to demonstrate that he is actually innocent of being a felon in possession of a firearm or that he was unaware of the fact that he was a convicted felon. Accordingly, Defendant's Second Ground for Relief is without merit.

### C. Ground Three.

Defendant alleges ineffective assistance of counsel during pretrial and plea proceedings in violation of his right to a jury trial. Specifically, Defendant asserts that his criminal history points were miscalculated; that his attorney failed to properly investigate the facts and witnesses in this case; that his attorney failed to file a notice of appeal or appeal; and, that he is prejudiced to the extent that he cannot now raise these issues with the Court of Appeals.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability

-7-

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, Paragraph a of syllabus (1985).

Defendant has failed to demonstrate that Counsel's performance fell below an objective standard of reasonableness and there is no evidence that but for Counsel's alleged errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Defendant's criminal history points were properly calculated – his three prior aggravated robberies resulted in 3 points calculated under U.S.S.G. § 4A1.1(a) plus an additional 2 points were properly scored under U.S.S.G. § 4A1.1(e); there is no evidence to suggest Counsel's investigation of the facts or necessary witnesses in this case insufficient; and, there is no evidence that Defendant ever requested an appeal be filed on his behalf. Defendant has failed to establish Counsel's performance was deficient or that his Constitutional rights were violated or infringed. *Strickland*, 466 U.S. at 687; *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, Defendant's Third Ground for Relief is without merit.

**III. Conclusion.**

For the reasons set forth above, Defendant's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #44) is DENIED.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

Petitioner has failed to make a substantial showing of the denial of a Constitutional right and, accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: September 25, 2020